**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Prentis B.,<br>Plaintiff(s),<br>v.<br>Social Security Administration,<br>Defendant(s). | Case No. 2:26-cv-02940-NJK<br>**Order**<br>[Docket No. 1] |

Plaintiff requests authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* (Docket No. 1) and submitted a complaint (Docket No. 1-1).

## I. Application to Proceed *In Forma Pauperis*

Plaintiff filed an application to proceed *in forma pauperis*. Docket No. 1. The application has sufficiently shown an inability to prepay fees and costs or give security for them. Accordingly, the application to proceed *in forma pauperis* will be granted pursuant to § 1915.

## II. Screening the Complaint

When a party seeks permission to pursue a civil case *in forma pauperis*, courts will screen the complaint. *See* 28 U.S.C. § 1915(e). A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989).

With respect to social security appeals specifically, judges in this District have outlined some basic requirements for complaints to satisfy the Court's screening. First, the complaint must establish that administrative remedies were exhausted pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within 60 days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims to have become disabled. Fourth, the complaint must identify the nature of the plaintiff's disagreement with the determination made

by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).[1]

Plaintiff's complaint omits allegations regarding completion of the administrative process and timeliness of this appeal. To that end, the top of page 3 of the form complaint requires the plaintiff to state the date on which he received notice that the Commissioner's decision was final (which is likely the date on which the plaintiff received form the Social Security Appeals Counsel that his appeal was denied), and instructs the plaintiff to attach a copy of the Commissioner's final. *See* Docket No. 1-1 at 3. Plaintiff's complaint leaves this section blank and he does not attach a copy of the Commissioner's final decision.

Accordingly, Plaintiff's complaint will be dismissed with leave to amend.

**III. Conclusion**

Accordingly, the Court hereby **ORDERS** as follows:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.
2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.
3. The Clerk must file the Complaint.
4. The complaint is **DISMISSED** with leave to amend. Plaintiff will have until **October 9, 2026**, to file an amended complaint. **Failure to file an amended complaint may result in dismissal of this case.**

IT IS SO ORDERED.

Dated: September 17, 2026

Nancy J. Koppe
United States Magistrate Judge

[1] The rules that govern social security cases provide in pertinent part that the plaintiff "may" provide a short and plain statement of the grounds for relief. Supp. R. Soc. Sec. 2(b)(2). In the context of an *in forma pauperis* screening, however, a social security plaintiff must still provide a sufficient explanation as to her contentions on appeal. *Jalal H. v. Comm'r of Soc. Sec.*, 2023 WL 35218, at *2 (S.D. Cal. Jan. 4, 2023); *see also Neitzke,* 490 U.S. at 327 (explaining that a central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the cost of bringing suit").